IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ISRAEL FONSECA,

    Plaintiff,

v.                                C.A. No.:   4:19-cv-4796

RANDALL Q. SMITH INVESTMENTS, INC., and
RANDALL Q. SMITH,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ISRAEL FONSECA (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, RANDALL Q. SMITH INVESTMENTS, INC., and RANDALL Q. SMITH (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, RANDALL Q. SMITH INVESTMENTS, INC., has offices Harris County, Texas.

## THE PARTIES

4. Plaintiff, ISRAEL FONSECA, is an individual residing in Harris County, Texas.

5. Plaintiff, ISRAEL FONSECA, was employed by Defendants from October 25, 2016, through July 26, 2019, as a handy-man performing remodeling, maintenance work and trash pickup at the rate of $17.00 per hour from October 25, 2016, until approximately January 1, 2019. Thereafter, Plaintiff was paid $15.00 per hour.

6. Defendant, RANDALL Q. SMITH INVESTMENTS, INC., is a corporation existing under the laws of the State of Texas and maintains offices in Tarrant County, Texas.

7. Defendant, RANDALL Q. SMITH INVESTMENTS, INC., is a company that primarily operates a property management and maintenance business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, RANDALL Q. SMITH, is an individual residing in Harris County, Texas.

9. Defendant, RANDALL Q. SMITH, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, RANDALL Q. SMITH INVESTMENTS, INC., in relationship to Plaintiff's employment and is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, RANDALL Q. SMITH, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, RANDALL Q. SMITH INVESTMENTS, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, RANDALL Q. SMITH INVESTMENTS, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00 and had employees who handled goods in interstate commerce.

13. At all times material to this complaint, Defendant, RANDALL Q. SMITH INVESTMENTS, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were Plaintiff's employers, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

16. Plaintiff 1) occupied the position of "handy-man;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an hourly rate basis.

17. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

18. Plaintiff was not paid for his overtime work in accordance with the FLSA.

19. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

20. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

21. The work schedules for the Plaintiff required him to an average of 45 hours in a workweek on a regular and recurring basis during numerous workweeks. Plaintiff's regular and recurring schedule required him to work from 7:00 a.m. until 4:00 p.m., Monday through Friday, and from 7:00 a.m. until 11:00 a.m. on Saturday.

22. Defendants' policy of not properly paying overtime is company-wide and was willful.

23. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

24. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

25. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours

worked in excess of 40 per workweek.

26. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ISRAEL FONSECA, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

28. Plaintiff re-alleges and incorporates herein paragraphs 1-15, and 21, *supra*.

29. Plaintiff 1) occupied the position of "handy-man;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an hourly basis.

30. Defendants' management required Plaintiff to work approximately ninety (90) hours between approximately July 12, 2019, and July 26, 2019, but did not pay Plaintiff least the then-current minimum wage for his work in accordance with the FLSA.

31. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than the then-current minimum wage for each hour worked in a workweek.

32. Defendants' policy of not properly paying minimum wage is company-wide and was willful.

33. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

34. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wage pay pursuant to 29 U.S.C. § 216(b).

35. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

36.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid that should have been paid.

37.     Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ISRAEL FONSECA, demands Judgment against Defendants, jointly and severally, for the following:

- e.  Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

- f.  Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

- g.  Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

- h.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ISRAEL FONSECA, demands a jury trial on all issues so triable.

Respectfully submitted this December 10, 2019.

          **ROSS • SCALISE LAW GROUP**
          1104 San Antonio Street
          Austin, Texas 78701
          (512) 474-7677 Telephone
          (512) 474-5306 Facsimile
          Charles@rosslawpc.com


          */s/ Charles L. Scalise*
          **CHARLES L. SCALISE**
          Texas Bar No. 24064621
          **DANIEL B. ROSS**
          Texas Bar No. 789810

          **ATTORNEYS FOR PLAINTIFF**